F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 03 2020 ★
BROOKLYN OFFICE

D/F
RD 1/3/2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GEORGE BAQUERO,

                Petitioner,

     -against-

UNITED STATES,

                Respondent.
-----------------------------------------------------------------X

**ORDER**

**9-CR-719 (NGG)**
**16-CV-3070 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Currently before the court is Petitioner George Baquero's unopposed Motion to Vacate pursuant to 28 U.S.C. § 2255.[1] (Mot. to Vacate ("Mot.") (Dkt. 121); Suppl. Mot. to Vacate ("Suppl. Mot.") (Dkt. 126); see also Gov't Resp. to Mot. to Vacate ("Resp.") (Dkt. 127).) For the reasons stated below, the motion is GRANTED.

## I. PROCEDURAL HISTORY[2]

### A. Original Proceedings

On October 21, 2009, a grand jury returned an indictment against Jamie Alberto Mejia Gonzalez and Carlos Hernando Ramirez. (Indictment (Dkt. 1).) On September 13, 2010, a grand jury returned a superseding indictment that charged Mr. Baquero with (1) Conspiracy to Distribute Cocaine, in violation of 21 U.S.C. § 846 ("Count One"); (2) Conspiracy to Extort under the Hobbs Act, in violation of 18 U.S.C. § 1951(a) ("Count Two"); and (3) Brandishing a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924 (c)(1)(A)(ii) ("Count

---

[1] The Government agrees with Petitioner that count three of the superseding indictment should be vacated in light of United States v. Davis, 139 S. Ct. 2319 (2019), but takes no position on whether Defendant should be resentenced on counts one and two of the indictment. (Resp. at 5.)

[2] The court assumes the parties' familiarity with the procedural background and sets it forth only as relevant to Mr. Baquero's motion.

1

Three"). (Superseding Indictment (Dkt. 42).) Count Three was predicated solely upon the offense charged in Count Two. (Id. at 3.)

Mr. Baquero pled guilty to all three counts of the superseding indictment. (See Sept. 4, 2012 Min. Entry (Dkt. 78).) The court did not impose a term of imprisonment for Count One or Two, but sentenced Mr. Baquero to 84 months of imprisonment on Count 3 and concurrent terms of supervised release of five, three, and five years on Counts One, Two, and Three, respectively. (Judgment (Dkt. 103).)

### B. The Instant Motion

Mr. Baquero filed the instant motion on June 13, 2016. (Mot.) The court postponed the Government's deadline to respond under Administrative Order 2016-05 of the Eastern District of New York, which governs habeas petitions seeking relief under Johnson v. United States, 135 S. Ct. 2551 (2015). (See June 20, 2016 Order.) Mr. Baquero filed a supplemental motion to vacate through counsel on November 14, 2019. (Suppl. Mot.) The Government responded on November 19, 2019 (Resp.), and Mr. Baquero replied on the same day (Reply (Dkt. 128)).

While Mr. Baquero's original motion was pending, he completed his term of imprisonment and was released from custody on February 21, 2017. (See Suppl. Mot. at 1; Resp. at 2.) He is currently serving his term of supervised release. (See Suppl. Mot. at 1.) In the supplemental motion, counsel for Mr. Baquero notes his Probation Officer's report that Mr. Baquero "is on low intensity supervision, complying with all his conditions, causing no problems, and doing fine." (Id.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255(a), a court may "vacate, set aside or correct" a federal conviction or sentence "imposed in violation of the Constitution or laws of the United States." A petitioner

may only obtain relief under § 2255 "to correct a defect in sentencing which raises constitutional issues, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Soto v. United States, 185 F.3d 48, 56 (2d Cir. 1999); see also United States v. Timmreck, 441 U.S. 780, 783 (1979). If a court finds that a "sentence imposed was not authorized by law . . . the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b); see also 28 U.S.C. § 2243 (authorizing a court to dispose of a habeas petition "as law and justice require").

## III. DISCUSSION

In United States v. Davis, 139 S. Ct. 2319 (2019), the Supreme Court held that the residual clause in 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague in light of Johnson v. United States, 135 S. Ct. 2551 (2015) and Sessions v. Dimaya, 138 S. Ct. 1204 (2018). See Davis, 139 S. Ct. at 2325-27. In United States v. Barrett, 937 F.3d 126 (2019), the Second Circuit held that Davis precludes a Hobbs Act conspiracy from serving as the "crime of violence" predicate for a conviction under § 924(c). Because Mr. Baquero's conviction under § 924(c) was predicated solely on his conviction for Hobbs Act conspiracy, the court agrees with the parties that Mr. Baquero's conviction on Count Three of the superseding indictment must be vacated.

Section § 2255(b) provides courts with broad discretion to fashion appropriate relief upon the vacatur of a conviction. See id. (a court "shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate"); see also Dhinsa v. Krueger, 917 F.3d 70, 78 (2d Cir. 2019); id. at 78 n.7. Here, Mr. Baquero argues that the court need not

3

resentence him on Counts One and Two, and the Government takes no position on that question. (Suppl. Mot. at 2; Resp. at 5.) The court agrees that resentencing is unnecessary. Therefore, Mr. Baquero's conviction on Count Three of the superseding indictment is vacated, and he shall serve the remainder of the term of supervised release previously imposed for Counts One and Two.

## IV. CONCLUSION

For the reasons stated above, Mr. Baquero's Motion to Vacate is GRANTED and his conviction on Count Three of the superseding indictment for violation of 18 U.S.C. § 924(c) is VACATED. The Clerk of Court is respectfully DIRECTED to enter judgment and close this case.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
January 2, 2020

NICHOLAS G. GARAUFIS
United States District Judge